# United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| In re:<br><br>Robert Frank Latham,<br><br>Debtor. | Case No. 26-41426<br><br>Chapter 7 |

**DECLARATION OF DEBTOR PURSUANT TO 11 U.S.C. § 707(b)(2)(B) REGARDING SPECIAL CIRCUMSTANCES**

Pursuant to 28 U.S.C. § 1746, I, Robert Frank Latham, declare under penalty of perjury that the foregoing is true and correct:

1. I am the Debtor in this bankruptcy case. I make this declaration from my personal knowledge in support of the special-circumstances adjustment claimed on my Chapter 7 means test.

2. I am employed by Johns Manville. During the six-month period used to calculate my current monthly income for purposes of the means test, my compensation included significant amounts of overtime, double-time, shift differential, and other premium compensation in addition to my regular wages.

3. Since the filing of my bankruptcy case, I have experienced a material change in my health and employment circumstances.

4. In August 2026, I experienced a significant medical event for which I sought emergency medical treatment. Following that treatment, my physician authorized me to return to work subject to temporary light-duty restrictions. My employer thereafter reviewed my work restrictions and employment schedule.

5. Following these events, my employer began a reasonable-accommodation review concerning my medical condition and my ability to perform the duties associated with my position.

6. My employment classification is Day Maintainer. While my employer completes its corporate administrative and ADA accommodation review, I am not currently physically performing work on-site, but I am receiving pay for 40 regular hours per week.

7. If my employer determines that it cannot provide reasonable accommodations for my medical restrictions, I will be required to file for short-term disability through Hartford, which would result in income even lower than my current 40-hour regular weekly pay.

8. My current regular hourly rate is approximately $40.88. At 40 hours per week, my regular gross wages are approximately $1,635.20 per week, or approximately $7,085.87 per month.

9. My recent pay statements accurately reflect my present regular work schedule and compensation. My pay statements for the weeks ending August 30, 2026 and September 6, 2026 each reflect 40 regular hours and gross wages of $1,635.20.

10. My historical income used in the statutory means-test calculation was materially higher because it included overtime, double-time, shift differential, and other premium compensation that I am not presently receiving at the historical level.

11. Based upon my current work schedule, health circumstances, and employment situation, I do not reasonably expect to receive those additional earnings at their historical level going forward.

12. My present anticipated gross monthly employment income is approximately $7,085.87, which is approximately $3,785.81 less per month than the historical monthly employment income reflected in my means-test calculation.

13. This reduction in income was not voluntarily undertaken for purposes of qualifying for Chapter 7 relief. It resulted from changes in my health and employment circumstances.

14. I presently have no reasonable alternative available that would allow me to earn the overtime, double-time, shift differential, and other premium compensation included in my historical means-test income at the level at which I previously earned it. The attached documents, including my recent earnings statements, medical work restriction, employer accommodation correspondence, and work-schedule verification, accurately reflect the circumstances described above.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on September 17, 2026, in Tarrant County, Texas.

____________________ (signature)