# United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| In re:<br><br>Robert Frank Latham,<br><br>Debtor. | Case No. 26-41426<br><br>Chapter 7 |

**Special Circumstances – Material Reduction in Employment Income**

Debtor's historical current monthly income includes substantial overtime, double-time, shift differential, and other premium earnings that he was earning before a material postpetition change in his health and employment circumstances. Those historical earnings are no longer representative of his present income.

In August 2026, Debtor experienced a material medical event requiring emergency medical evaluation and resulting in temporary work restrictions and a change in his employment schedule. His physician authorized him to return to work on light duty, and his employer initiated a reasonable-accommodation review concerning his ability to perform the duties and schedule associated with his position.

Debtor is classified in the position of Day Maintainer. While his employer completes its corporate administrative and ADA accommodation review, Debtor is not currently physically performing work on-site, but he continues to receive his regular gross wages for 40 hours per week. His regular hourly rate is $40.88, producing regular weekly gross wages of $1,635.20 and anticipated gross monthly employment income of approximately $7,085.87. Furthermore, if Debtor's employer determines that it cannot accommodate his medical restrictions, Debtor will be required to file for short-term disability through Hartford, which would result in a further reduction below his current 40-hour regular pay.

During the statutory means-test period, Debtor's income was substantially higher because it included overtime, double-time, shift differential, and other premium compensation. Based upon Debtor's present work schedule and current circumstances, those additional earnings are not reasonably anticipated to continue at the historical level.

Debtor therefore claims a special-circumstances adjustment under 11 U.S.C. § 707(b)(2)(B) in the amount of $3,785.81 per month, representing the difference between the monthly employment income reflected in the historical means-test calculation and Debtor's presently anticipated monthly employment income of approximately $7,085.87.

The reduction is involuntary and results from Debtor's changed health and employment circumstances. Debtor has no reasonable alternative presently available that would cause him to earn the overtime, double-time, shift differential, and other premium compensation included in the historical means-test period. Debtor's current earnings statements, medical work restriction, employer accommodation correspondence, and current work-schedule verification are attached in support of this adjustment.